O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DESHAUNTELA SHERROD, ) | Case No. CV 07-01214-MLG |
| ) Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) v. ) | |
| ) MICHAEL J. ASTRUE, ) Commissioner of the ) Social Security ) Administration, ) ) Defendant. ) | |

Plaintiff Deshauntela Sherrod ("Plaintiff") seeks judicial review of the Commissioner's denial of her application for supplemental security income benefits ("SSI"). For the reasons stated below, the Commissioner's decision should be reversed, and this action should be remanded for further proceedings.

**I.   BACKGROUND**

Plaintiff was born on February 11, 1957. (Administrative Record ("AR" at 21, 44). She completed the 12th grade, but has no past

relevant work experience. (AR at 21).

Plaintiff applied for SSI on July 18, 2001, claiming that she has been disabled since that date due to asthma, back pain, depression, obsessive compulsive disorder, and anxiety. (AR at 20, 44-47; Joint Stipulation at 2). Plaintiff's application was denied at the administrative level. (AR at 29-33). A *de novo* hearing was held before Administrative Law Judge Cynthia A. Josserand ("the ALJ") on July 13, 2004, and continued to April 5, 2005.[1] (AR at 368-407). Plaintiff testified in her own behalf and was represented by counsel. *Id.* In a decision dated June 24, 2005, the ALJ issued a decision denying Plaintiff's application for SSI. (AR at 20-27). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since her alleged onset date of disability (step 1); (2) suffers from severe impairments, including alcohol abuse and asthma (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a limited range of medium work;[2] (5) has no past relevant work (step 4); and (5) is able to perform other work that exists in significant numbers in the economy, including work as a janitor and hand packer. (AR at 22-26).

---

[1] Plaintiff's hearing was originally scheduled for December 9, 2002, but Plaintiff did not appear. (AR at 20). Following dismissal of her case, Plaintiff filed a request for review with the Appeals Council. (AR at 20). On March 18, 2004, the Appeals Council vacated the dismissal and remanded Plaintiff's case for a new hearing. (AR at 21, 157-58).

[2] Specifically, the ALJ found that Plaintiff is able to lift and/or carry 25 pounds frequently and 50 pounds occasionally, sit six hours in an eight-hour workday, stand and/or walk six hours in an eight-hour workday; and push and pull without limitation. (AR at 22). The ALJ further found that Plaintiff may engage in no more than occasional interaction with co-workers and supervisors, is unable to interact with the public, and must avoid exposure to concentrated levels of dust fumes and other environmental irritants. (AR at 22).

On January 5, 2007, the Appeals Council denied review. (AR at 7-9). Plaintiff then commenced this action for judicial review.

On November 9, 2007, the parties filed a Joint Stipulation of disputed issues. Plaintiff raises the following arguments:

1. The ALJ failed to properly evaluate the medical evidence.
2. The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony.

Plaintiff seeks remand for a payment of benefits or, in the alternative, remand for a new administrative hearing and further development of the record. (Joint Stipulation at 22). The Commissioner requests that the decision of the ALJ be affirmed. (Joint Stipulation at 22). The Joint Stipulation has been taken under submission without oral argument.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that

supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. DISCUSSION

#### A. The Medical Evidence

##### 1. Plaintiff's Alcohol Abuse

Plaintiff contends that the ALJ erroneously determined at step two of the sequential analysis that she suffers from alcohol abuse. Although Plaintiff acknowledges that she still drinks alcohol, she claims that she has not had an alcohol abuse problem since sometime in 2001. (Joint Stipulation at 6-7, 15).

The ALJ's determination that Plaintiff's alcohol abuse is a severe impairment is supported by substantial evidence in the record. Margaret Donohue, Ph.D. conducted a complete psychological evaluation of Plaintiff in September 2004. (AR at 331-39). During the exam, Plaintiff admitted to frequent use of alcohol. (AR at 333, 335). Dr. Donohue noted that Plaintiff normally drinks about a pint of alcohol (Hennessy) at a time and she usually drinks when she is angry. (AR at 333). Plaintiff informed Dr. Donohue that she previously drank alcohol a month earlier, when she became upset with her niece. (AR at 333). Plaintiff also stated that she intended to drink alcohol on September 19th and October 4th.[3] (AR at 333). Dr. Donohue found that Plaintiff's mood, affect and

---

[3] In the Joint Stipulation, Plaintiff indicates that these dates are the anniversaries of her son's birth and death. (AR at 333; Joint Stipulation at 7).

medical problems (*i.e.,* hepatomegaly (enlargement of the liver)) were consistent with a long history of alcohol abuse. (AR at 331, 335). In addition, Plaintiff's substance abuse results on the Minnesota Multiphasic Personality Inventory ("MMPI") were elevated. (AR at 337). Consequently, Dr. Donohue gave Plaintiff an Axis I diagnosis of alcohol abuse.[4] (AR at 338). Dr. Donohue's opinion provides support for the ALJ's step two determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)(consultive examiner's opinion may constitute substantial evidence because it is based on examiner's independent findings and observations).

    The opinion of the non-examining medical consultant, Julian Kivowitz, M.D., provided further support for the ALJ's step two finding of alcohol abuse. (AR at 23, 173-77, 385-94). Dr. Kivowitz testified that he not only concurred with Dr. Donohue's diagnosis of alcohol abuse, but that in his opinion, Plaintiff's drinking pattern suggested alcoholism. (AR at 390-91). Dr. Kivowitz's testimony, which was corroborated by the opinion of Dr. Donohue, constituted substantial evidence upon which the ALJ properly relied. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)(the findings of a nontreating, nonexamining physician can amount to substantial evidence, so long as other evidence in the record supports those findings); *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989).

    Plaintiff asserts that the ALJ erred in relying on Dr. Donohue's and Dr. Kivowitz's alcohol abuse diagnoses, as both doctors considered

---

[4] Dr. Donohue also diagnosed Plaintiff as suffering from a learning disorder NOS, major depression, borderline intellectual ability, borderline memory functioning, and borderline personality disorder. (AR at 338).

evidence that was not included in the record. (Joint Stipulation at 16). For example, Plaintiff notes that Dr. Kivowitz cited a 1995 psychological report (Exhibit 18F) assessing Plaintiff with a Global Assessment of Functioning ("GAF") scale of 71, which is not included in the record.[5] (Joint Stipulation at 5, 16; AR at 388). Plaintiff also notes that Dr. Donohue relied on a number of exhibits that were not included in the administrative record, such as a letter written by Plaintiff to an administrative law judge, an earlier psychological evaluation conducted by a Dr. Soliman in which Plaintiff was assessed with a GAF scale of 75 and given no Axis I or Axis II diagnosis, a physical evaluation conducted by a Dr. Fekhon in which Plaintiff's physical exam was grossly normal except for hepatomegaly, and a "2 1/2-inch pack of medical records" relating to treatment for a variety of conditions (*i.e.*, dermatology, C-section, acne, muscle spasm, shoulder tenderness, asthma, left knee problems, left leg pain, neck pain, headache, vomiting, vaginal bleeding, irregular periods, pain in right ovary, and painful urination).[6] While all of the cited documents are not included in the record, Plaintiff has failed to show how their omission in any way undermines Dr. Donohue's and Dr. Kivowitz's determination that Plaintiff suffers from alcohol abuse. Moreover, as noted above, both doctors cited Plaintiff's own description of her admitted drinking habits as support for their diagnoses. (AR at 333, 335, 391).

---

[5] A GAF scale of 71-80 indicates no more than slight impairment in social and occupational functioning. American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders (DSM-IV) 32 (4th ed. rev. 2000).

[6] The Court notes that the record contains a substantial number of progress notes and medical reports from Watts Health Foundation and the County of Los Angeles Department of Health Services reflecting treatment for many of the cited conditions. (AR at 86-130, 198-301).

Plaintiff asserts that her alcoholism is in remission, as there is no affirmative evidence in her records from the Augustus F. Hawkins Comprehensive Mental Health Center ("the Department of Mental Health") indicating that she has abused alcohol since sometime in 2001. (Joint Stipulation at 7, 9, 15; AR at 303-30). The problem with this logic is that it relies on an absence of evidence as support for the proposition that her alcoholism is in remission.[7] Nevertheless, to the extent the absence of evidence tends to show that Plaintiff's alcohol is in remission, Plaintiff has merely established that a conflict exists in the medical record, which was in the province of the ALJ to resolve. *Magallanes*, 881 F.2d at 750 ("[t]he ALJ is responsible for determining credibility and resolving conflicts in medical testimony"); *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

**2. Rejection of Dr. Donohue's Mental Functioning Assessment**

During her examination, Dr. Donohue conducted an interview of Plaintiff, reviewed Plaintiff's psychiatric and medical records, and administered a variety of tests, including a mental status examination, the Bender Visual and Motor Gestalt Test, the Wechsler Adult Intelligence Scale, the Wechsler Memory Scale, and the MMPI. (AR at 331-39). Plaintiff used obscenities and was highly argumentative throughout the examination. (AR at 332-34). In addition to assessing Plaintiff with alcohol abuse, Dr. Donohue diagnosed Plaintiff with major depression (recurrent, moderate), a learning disorder (NOS), borderline intellectual

---

[7] To argue that lack of evidence supports Plaintiff's position is to commit the fallacy of *argumentum ad ignorantiam*, that is, an argument from ignorance. An argument from ignorance is "the mistake that is committed whenever it is argued that a proposition is true simply on the basis that it has not been proved false, or that it is false because it has not been proved true." Irving M. Copi & Carl Cohen, Introduction to Logic 93 (8th ed. 1990). In most cases, this assumption is flawed.

ability, borderline memory functioning, and borderline personality disorder. (AR at 338). Dr. Donohue concluded that Plaintiff is able to follow simple and complex instructions with occasional errors and can work at an adequate pace with adequate persistence if she is adequately motivated. (AR at 338, 340). Dr. Donohue also found that Plaintiff is not competent to manage her own funds, requires a supportive environment, and may have slight to moderate restrictions in getting along with supervisors, co-workers, and the general public and in responding appropriately to work pressures and changes in a usual work setting. (AR at 338, 341).

Although the ALJ properly accepted Dr. Donohue's alcohol abuse diagnosis, as discussed above, the ALJ did not give "significant weight to Dr. Donohue's diagnosis of borderline personality disorder, or to her assessment of [Plaintiff's] mental functioning." (AR at 23). The ALJ explained that Plaintiff's "behavior at Dr. Donohue's examination [was] not consistent with her behavior at the Department of Mental Health." (AR at 23). Specifically, the ALJ noted that the Department of Mental Health records contained no observations of "disruptive or belligerent behavior." (AR at 23). Plaintiff claims that the ALJ erred in rejecting Dr. Donohue's assessment of her mental functioning. (AR at 10).

The ALJ may not reject the uncontroverted opinion or ultimate conclusions of a treating physician or examining physician without providing "clear and convincing" reasons supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Edlund v. Massanari*, 253 F.3d 1152, 1158-59 (9th Cir. 2001). Even if a physician's opinion is controverted, the ALJ must still make findings setting forth "'specific, legitimate reasons' supported by substantial evidence in the record" for rejecting it. *Lester*, 81 F.3d

at 833 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Thomas*, 278 F.3d at 957 (quoting *Magallanes*, 881 F.2d at 751.

Dr. Donohue's findings as to Plaintiff's functional limitations, learning disability, depression, borderline intellectual ability, borderline memory functioning, and borderline personality disorder are not controverted by any admissible medical source. Thus, the ALJ was required to provide clear and convincing reasons for rejecting them. The ALJ's stated reason that Dr. Donohue's opinion was not consistent with her behavior at the Department of Mental Health is conclusory and does not constitute a sufficient reason for rejecting the opinion of an uncontroverted examining physician. *See Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions[;][h]e must set forth his own interpretations and explain why they, rather than the doctors', are correct."); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Moreover, the Department of Mental Health records do actually mention Plaintiff's difficulty getting along with staff and short temper. (AR at 314). Thus, the ALJ's decision to reject, in part, Dr. Donohue's findings is not supported by substantial evidence.

**B.   Plaintiff's Credibility**

Plaintiff asserts that the ALJ rejected her subjective symptom testimony and claim that she does not have an alcohol problem without providing adequate reasons for doing so. (Joint Stipulation at 17-18, 21-22). Plaintiff's claim is without merit.

//

In assessing credibility, "the ALJ may use 'ordinary techniques of credibility evaluation,' such as considering the claimant's reputation for truthfulness and any inconsistent statements in her testimony." *Tonapetyan*, 242 F.3d at 1148 (quoting *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989)). If a claimant produces objective medical evidence that she suffers from an ailment that could cause pain, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ may not reject a claimant's statements regarding her limitations solely because they are not supported by objective evidence. *Tonapetyan*, 242 F.3d at 1147-48. However, "[w]here the evidence is susceptible to more than one rational interpretation," the ALJ's conclusions must be upheld. *Morgan v. Comm'r of Soc. Sec*. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Here, the ALJ found that Plaintiff lied about her alcohol abuse. (AR at 23). At the hearing, Plaintiff repeatedly denied having a problem with alcohol. (AR at 23, 377, 395). Plaintiff even testified that she had given up drinking in 1989 or 1990, and never took it up again. (AR at 372, 377). However, a record from the Department of Mental Health shows that in 1998, Plaintiff admitted to drinking a pint of liquor daily. (AR at 85, 377). And, during her examination with Dr. Donohue, Plaintiff "freely admitted" to frequent use of alcohol. (AR at 23, 333, 335). Plaintiff also admitted at the hearing that she continues to drink. (AR at 398-99). While Plaintiff argues that her level of drinking does not constitute an alcohol abuse problem, the medical sources disagree. (Joint Stipulation at 6; AR at 338, 391). Thus, by citing Plaintiff's inconsistent statements about her alcohol use, the ALJ provided a "specific, clear and convincing reason" supported by

substantial evidence for rejecting Plaintiff's credibility. *See Tonapetyan*, 242 F.3d at 1148 (citing *Fair*, 885 F.2d at 604 n.5).

### IV. CONCLUSION

For the reasons discussed above, this case should be reversed and remanded so the ALJ can further evaluate the opinion of Dr. Donohue and make appropriate findings. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

### ORDER

The Court finds that the ALJ's decision is not supported by substantial evidence. It is **ORDERED** that this case be remanded to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment on all parties or their counsel.

Dated: December 12, 2007

_____
Marc L. Goldman
United States Magistrate Judge